IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 4:24-CR-00093-ALM-BD-1 |
| | § | |
| JIANGRONG CHEN | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

An Eastern District of Texas grand jury returned an indictment charging Jiangrong Chen with nine counts of wire fraud in violation of 18 U.S.C. § 1343. Dkt. 1. Chen filed a motion seeking dismissal of the indictment based on improper venue or, alternatively, discretionary transfer of the case to the Central District of California. Dkt. 18; *see* Dkts. 19 (response), 20 (reply). The court will recommend that the motion be denied. *See* Dkt. 26 (referral order).

**BACKGROUND**

The government explains that, during the COVID-19 pandemic, Congress enacted the Emergency Rental Assistance Program ("ERAP"), which made funding available to assist households that were unable to pay rent or utilities. Government funds were not paid directly to households or landlords, but rather to administrative agencies designated to manage the programs, which would, in turn, disperse funds to renters to help cover their housing-related costs or to landlords to help cover their tenants' unpaid rent during the pandemic.

Chen was the CEO of Victory Sky, Inc., located in California. Victory Sky held a Bank of America account ending in 9328, and the account's signature card listed Chen as Victory Sky's CEO and authorized signatory.

The indictment alleges that,

> [i]n or around March 2021, Chen submitted approximately 27 fraudulent ERAP applications on Victory Sky, Inc.'s behalf, whereby the company sought over $905,000.00 in ERAP funds. The March 2021 applications were submitted to the Orange County United Way ("OCUW"), which the City of Irvine, California, had appointed to administer its allocation of ERAP funds which were received directly from the United Sta[t]es Treasury Department.
>
> In May and June 2021, OCUW funded nine of the Victory Sky, Inc. applications, which sought ERAP benefits relative to nine Irvine, California residences, and resulted in OCUW's depositing via wire approximately $227,440 of ERAP funds into Victory Sky Inc.'s BoA 9328 Account. These wires originated in the Eastern District of Texas, and elsewhere.
>
> Each of the 27 ERAP applications Chen submitted on Victory Sky, Inc.'s behalf contained false material representations. Each application represented that Victory Sky, Inc. was the landlord of the residences, which was false. Additionally, all the applications identified by name the purported tenants residing at the properties who needed financial assistance and therefore would be covered by the ERAP funds. In reality, none of the persons identified in the applications actually resided at the properties.

Dkt. 1 at 3–4 (paragraph numbers omitted). The indictment includes a chart listing the nine allegedly unlawful wire transfers in specific amounts "from the Eastern District of Texas to the BoA 9328 Account in California." *Id.* at 5. It is undisputed that each of those transfers originated or was processed in the Eastern District of Texas and terminated in California. Dkt. 18 at 3; Dkt. 19 at 2.

Chen was arrested in the Central District of California and released on bond. He was arraigned on the indictment in the Eastern District of Texas and remains on pretrial release.

## LAW

The Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed." And under Federal Rule of Criminal Procedure 18,

> [u]nless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice.

2

Venue is determined "from the nature of the crime alleged and the location of the act or acts constituting it." *United States v. Anderson*, 328 U.S. 699, 703 (1946). An offense that does not begin and end in one district "may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a); *see United States v. Dupre*, 117 F.3d 810, 822 (5th Cir. 1997).

The Fifth Circuit has recognized that a charge of wire fraud, which requires an interstate transmission, supports venue where the wire communication began, continued, or was completed. *United States v. Aldridge*, 688 F. App'x 248, 249 (5th Cir. 2017). Other courts agree. *See United States v. Pace*, 314 F.3d 344, 349 (9th Cir. 2002) (explaining that "venue is established in those locations where the wire transmission at issue originated, passed through, or was received, or from which it was 'orchestrated'"); *United States v. Goldberg*, 830 F.2d 459, 465 (3d Cir. 1987) (finding that § 1343 is a "continuing offense crime[] pursuant to 18 U.S.C. § 3237 so that venue is proper in any district in which the offenses were begun, continued, or completed"); *United States v. Carpenter*, 405 F. Supp. 2d 85, 91 (D. Mass. 2005) (holding that Massachusetts was an appropriate venue for a wire-fraud transaction that began in New Hampshire, cleared through the Federal Reserve Bank in Boston, and continued to a Merrill Lynch account in Pennsylvania).

At trial, the government must prove venue by a preponderance of the evidence. *Dupre*, 117 F.3d at 822; *see United States v. Solis*, 299 F.3d 420, 445 (5th Cir. 2002) (explaining that venue "is properly based on a preponderance of the evidence showing the commission of any single act that was part of the beginning, continuation, or completion of the crime" and that circumstantial evidence will suffice (quoting *United States v. Fells*, 78 F.3d 168, 171 (5th Cir. 1996))). But it need not do so in response to a pretrial motion to dismiss. *United States v. Taylor*, No. 4:17-CR-09-MAC-CAN, 2017 WL 4639708, at *2 (E.D. Tex. Sept. 20, 2017), *report and recommendation adopted*, No. 4:17-CR-09-MAC, 2017 WL 4629246 (E.D. Tex. Oct. 16, 2017), *aff'd sub nom. United States v. Lee*, 966 F.3d 310 (5th Cir. 2020). The government may defeat such a motion by relying on an indictment alleging facts that, if proven, would sustain venue in the indicting district, as "only the indictment may be considered in pretrial motions to dismiss for lack of venue, and . . . the

allegations must be taken as true." *United States v. Mendoza*, 108 F.3d 1155, 1156 (9th Cir. 1997); *see United States v. Nichols*, No. 4:09-CR-222, 2011 WL 577403, at *2 (E.D. Tex. Jan. 4, 2011) (citing *United States v. Mann*, 517 F.2d 259, 266 (5th Cir. 1975)), *report and recommendation adopted*, No. 4:09-CR-222, 2011 WL 577402 (E.D. Tex. Feb. 9, 2011); *see also United States v. Ohle*, 678 F. Supp. 2d 215, 231 (S.D.N.Y. 2010) (recognizing that, at the pretrial stage, the government need only allege that criminal conduct occurred in the district, leaving for trial the question of evidentiary sufficiency). For that reason, a defendant is not entitled to a hearing on a pretrial motion to dismiss for improper venue. *Taylor*, 2017 WL 4639708, at *2.

The Federal Rules of Criminal Procedure also provide for venue transfers. Rule 21(a) states that, "[u]pon the defendant's motion, the court must transfer the proceeding against that defendant to another district if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there." *See United States v. Wilcox*, 631 F.3d 740, 747 (5th Cir. 2011) (noting that a Rule 21(a) transfer is warranted only on "a strong showing of prejudice"). Rule 21(b) allows the court to transfer the proceedings to another district "for the convenience of the parties, any victim, and the witnesses, and in the interest of justice."

The court has broad discretion when considering a Rule 21(b) motion. *United States v. Fagan*, 821 F.2d 1002, 1008 (5th Cir. 1987). In *Platt v. Minnesota Mining & Manufacturing Co.*, the Supreme Court identified several factors that a district court may consider: (1) the residence of an individual defendant; (2) the location of possible witnesses; (3) the location of events likely to be in issue; (4) the location of documents and records likely to be involved; (5) disruption to the defendant's business unless the case is transferred; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of the place of trial; (9) the docket condition of each district or division involved; and (10) any other special elements that might affect the transfer. 376 U.S. 240, 243–44 (1964); *see United States v. Romans*, No. 4:11-CR-00127, 2012 WL 3647849, at *1 (E.D. Tex. Aug. 7, 2012), *report and recommendation adopted*, No. 4:11-CR-00127, 2012 WL 3647748 (E.D. Tex. Aug. 23, 2012), *aff'd*, 823 F.3d 299 (5th Cir. 2016). Although he need not show "truly compelling

4

circumstances," *Romans*, 2012 WL 3647849, at *1 (quoting *United States v. Coffee*, 113 F. Supp. 2d 751, 753 (E.D. Pa. 2000)), the defendant bears the burden to demonstrate that transfer would serve the purpose of the rule, *United States v. Patel*, No. 4:18CR127, 2018 WL 6274034, at *2 (E.D. Tex. Nov. 14, 2018). "As a general rule a criminal prosecution should be retained in the original district." *United States v. United States Steel Corp.*, 233 F. Supp. 154, 157 (S.D.N.Y. 1964).

## THE PARTIES' ARGUMENTS

Seeking to enforce his constitutional right to a trial in the State and district in which the crime was allegedly committed, Chen argues that "the indictment and discovery received indicates that all the acts alleged to have been perpetrated by the defendant occurred in California and not the Eastern District of Texas." He argues that, under *United States v. Rodriguez-Moreno*, the location of a crime is determined by the nature of the crime itself and the location of the acts that constitute its elements. 526 U.S. 275, 279 (1999). Citing the Fifth Circuit Pattern Jury Instructions, he asserts that the elements of wire fraud are:

> First: That the defendant knowingly devised or intended to devise a scheme to defraud; Second: That the scheme to defraud employed false material representations; Third: That the defendant transmitted or caused to be transmitted by way of wire communications, in interstate commerce, any writing for the purpose of executing such scheme; and Fourth: That the defendant acted with a specific intent to defraud.

Without admitting any criminal act, Chen argues that everything he is alleged to have done occurred in California. And although he concedes that funds were wired from the Eastern District of Texas, he attributes those transfers to "Orange Counties United Ways bank's wire procedures," rather than any of the acts he allegedly committed. On that basis, he requests dismissal of the indictment or, in the alternative, "that the case be transferred to the Central District of California."

In response, the government argues that the indictment sufficiently alleges venue and that the undisputed underlying facts give rise to an Eastern District of Texas venue under the applicable law. It adds that, to the extent Chen has properly raised an alternative request to transfer venue,

5

that request should be denied because he failed to meet his burden. It explains why, in its view, the *Platt* factors favor denial of any transfer request Chen may have made.

In reply, Chen reasserts his argument for dismissal. He also expands upon his argument for transfer, explaining that he seeks permissive transfer under Rule 21(b) and stating facts in support of that request.

## DISCUSSION

### I. Dismissal Request

Although Chen's motion mentions discovery, it does not attach any discovery materials. And as already noted, the indictment alleges that the wire fraud occurred "in the Eastern District of Texas, and elsewhere." Dkt. 1 at 4. It also alleges that, as to each count of wire fraud, Chen caused a wire transfer to be made from the Eastern District of Texas to California. *Id.* at 5.

At this stage, the first of those allegations provides a sufficient basis to deny Chen's motion to dismiss. *See Taylor*, 2017 WL 4639708, at *2 (citing *Nichols*, 2011 WL 577403, at *2; *United States v. Emilor, S.A.*, No. 6:07-CR-1, 2008 WL 2152279, at *18 (E.D. Tex. May 21, 2008)). The indictment's specific allegations that Chen caused wire transmissions from the Eastern District of Texas to California strengthens the point, as venue for a wire-fraud charge lies in any district in which the crime began, continued, or was completed. *Aldridge*, 688 F. App'x at 249; *Pace*, 314 F.3d at 349; *Goldberg*, 830 F.2d at 465; *Carpenter*, 405 F. Supp. 2d at 91. Whether the government can prove its allegations by a preponderance of the evidence is a matter for trial. For now, the allegations suffice. *See United States v. McLeod*, No. 1:20-CR-00065-GHD-DAS, 2021 WL 2878542, at *1 (N.D. Miss. July 8, 2021).

### II. Transfer Request

The cursory request for transfer in Chen's motion failed even to specify whether transfer was sought under Rule 21(a) or 21(b). If the government had not engaged on the point, the court would likely have found it forfeited. *See* Loc. R. CR-47(a)(2). But a forfeiture argument may itself be forfeited. *See Rollins v. Home Depot USA, Inc.*, 8 F.4th 393, 397 (5th Cir. 2021); *Garlington v. O'Leary*, 879 F.2d 277, 282 (7th Cir. 1989). Because the government addressed transfer and the

considerations that guide Rule 21(b) analysis, and because Chen addressed those considerations in his reply, the court will address them, too. *See United States v. Ramirez*, 557 F.3d 200, 203 (5th Cir. 2009) (exercising discretion to address the merits of an issue not raised in the district court or an opening brief because, although the court generally "does not entertain arguments raised for the first time in a reply brief," it "views the situation differently when a new issue is raised in the appellee's brief and the appellant responds in his reply brief").

The government states that the case agent is located in Montana, the putative witness from the relevant financial institution is probably in Texas, all of the discovery documents it has produced are in electronic format, there is no indication that Victory Sky is still a going concern, and counsel for both the government and the defendant office in the Eastern District of Texas. Chen states that the Central District of California is where he resides, where almost all of the witnesses are located, and where the alleged criminal activity took place. He also acknowledges that the government's discovery is electronic but argues that additional discovery may need to come from people or entities located in the Central District of California. He argues that his business will be interrupted, and both parties' expenses increased, by a trial in the Eastern District of Texas and notes that the parties' counsel are located in the Eastern District of Texas only because he was indicted here.

Although Chen has shown that some of the *Platt* factors favor transfer, he has not done enough to overcome the "general rule" that "a criminal prosecution should be retained in the original district." *United States Steel Corp.*, 233 F. Supp. at 157. The court will therefore recommend against discretionary transfer. *See Fagan*, 821 F.2d at 1008.

## CONCLUSION

It is **RECOMMENDED** that the motion, Dkt. 18, be **DENIED**.

\* \* \*

Within 14 days after service of this report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to a de novo review by the district court of the findings and conclusions contained in this report only if specific objections are made. *Id.* § 636(b)(1). Failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*; 28 U.S.C. § 636(b)(1) (extending the time to file objections from 10 to 14 days).

So **ORDERED** and **SIGNED** this 23rd day of September, 2025.

_____
Bill Davis
United States Magistrate Judge